NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEORGE OHANES ZAKARIAN,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, U.S. Attorney General,<br><br>Respondent. | No. 21-287<br><br>Agency No.     A090-191-420<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2023**
Pasadena, California

Before: BRESS and MENDOZA, Circuit Judges, and ERICKSEN, *** District
Judge.

George Ohanes Zakarian, a native and citizen of Iraq, petitions for review

of a Board of Immigration Appeals (BIA) decision affirming an Immigration

Judge (IJ) order denying his application for protection under the Convention

---

\*      This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Joan N. Ericksen, United States District Judge for
the District of Minnesota, sitting by designation.

Against Torture (CAT).  We review the agency's decision for substantial evidence.  *Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021).  "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion."  *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).  Where the BIA "adopt[s] and affirm[s] the IJ's decision without adding any commentary of its own, we treat the IJ's decision as that of the BIA."  *Sinha v. Holder*, 564 F.3d 1015, 1019–20 (9th Cir. 2009) (quotation omitted).  We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.[1]

Substantial evidence supports the agency's denial of CAT relief.  "A petitioner seeking CAT relief must show that it is more likely than not that he will be tortured upon removal, and that the torture will be inflicted at the instigation of, or with the consent or acquiescence of, the government."  *Arteaga v. Mukasey*, 511 F.3d 940, 948 (9th Cir. 2007).  The evidence in the record does not compel the conclusion that Zakarian more likely than not will be tortured with the consent or acquiescence of the Iraqi government if he is removed to Iraq.  Zakarian did not present evidence that he or his family members had ever been harmed or tortured in Iraq.  The IJ also found that some non-Muslims have lived in more hospitable areas of Iraq and that country reports show that Iraq has made efforts to protect religious minorities.  In fact, the IJ found that the country report detailed

---

[1] Zakarian does not challenge the IJ's determination that he is removable and not eligible for asylum, withholding, or cancellation of removal due to various criminal convictions.

the Iraqi government's ongoing efforts to battle ISIS and provide security to minority groups.

Substantial evidence supports these findings. Zakarian has not demonstrated it is more likely than not that he "faces any particularized risk" of torture if he returns to Iraq. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 751 (9th Cir. 2022).

**PETITION DENIED.**